UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MARK A. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 18-61-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| C. GOMEZ, Acting Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Mark Williams has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] This matter is pending for initial screening of Williams's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In September 1997, Williams and two others were charged in Raleigh, North Carolina with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and with possession with intent to distribute 2300 grams of cocaine base in violation of 21 U.S.C. § 841. A jury found Williams guilty of the drug trafficking charges following extensive pretrial proceedings. In November 2001, the trial court imposed a sentence of life imprisonment on each of the § 841 and § 846 convictions, with the sentences to run concurrently. Williams filed a direct appeal and numerous motions for relief under 28 U.S.C. § 2255 in an effort to overturn his convictions and sentences. He was unsuccessful. *United States v. Williams*, No. 5: 97-CR-142-F-3 (E.D.N.C. 1997).

Williams contends in his § 2241 petition that the indictment in his case was defective because the conduct charged failed to track the language of 21 U.S.C. § 841(b)(1)(A)(iii) and 21 U.S.C. § 846 in a manner sufficient to find him guilty of violating those sections. He further contends that this alleged failure rendered the trial court without "subject matter jurisdiction" to impose its sentence against him. Williams points to no newly-decided Supreme Court case – or any decisional law at all – in support of his claims. Instead, he rests his claims solely on the language of the statutes. [Record No. 1]

The Court will deny Williams's petition because his claims are not cognizable under § 2241. A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To attack the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). He may not use a habeas petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). There is a narrow exception to this rule for claims of "actual innocence" based upon retroactively-applicable Supreme Court decisions interpreting the substantive reach of the statute of conviction, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), but Williams's petition points to no such authority in an effort to invoke it. Accordingly, it is hereby

**ORDERED** as follows:

1. Mark Williams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 21st day of March, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge